UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

TEAMSTERS HEALTH AND : 
WELFARE FUND OF PHILADELPHIA, *et al.*, : HON. JOSEPH H. RODRIGUEZ
:
Plaintiffs, : Civil Action No. 08-4961
:
:
: **MEMORANDUM OPINION**
v. : **AND ORDER**
:
J & F PRODUCE, INC., :
:
Defendant. :

This matter comes before the Court on an unopposed motion of Plaintiffs Teamsters Health and Welfare Fund of Philadelphia and Vicinity ("Welfare Fund") and Teamsters Pension Trust Fund of Philadelphia and Vicinity ("Pension Fund") (collectively "Funds") and William J. Einhorn, an administrator and fiduciary with respect to the Funds seeking entry of default judgment pursuant to Fed. R. Civ. P. 55 against Defendant J & F Produce, Inc. ("Defendant"). For the reasons stated below, Plaintiffs motion will be granted.

## Factual History

Under 29 U.S.C. § 186(c)(5), Plaintiffs Welfare Fund and Pension Fund are trust funds and pursuant to 29 U.S.C. § 1002(37), (1), (2), and (3) a "multiemployer plan" and "employee benefit plan."

Plaintiff William J. Einhorn ("Einhorn") is an administrator and fiduciary to the Funds pursuant to 29 U.S.C. § 1002(21).

Defendant J & F Produce, Inc. is a Pennsylvania corporation and an employer

in an industry affecting commerce as established in 29 U.S.C. § § 152 (2), (6) and (7), 1002(5), (11) and (12).

According to the Collective Bargaining Agreement ("CBA") between the Defendant and the Local Union No. 115 of the International Brotherhood of Teamsters, Defendant agreed to pay monthly contributions to the Funds for the time worked by or paid to employees who performed work covered by the terms and conditions of the CBA. (Complaint ¶ 7; Pl.'s Mot. 6.)  To date, Defendant has failed to pay contributions for the months of January 2008 and February 2008.  Plaintiffs, through counsel, sent a final demand letter requesting payment of the outstanding March 2008 contributions of $4,873.76, plus outstanding liquidated damages. Plaintiffs also requested  that the Defendant contact the Funds about an audit. (Exhibit 1.)

### Procedural History

On October 7, 2008,  Plaintiffs  filed a Complaint alleging Defendant violated the CBA with the Union, and thus violated the Employee Retirement Income Security Act, Section 515 of 29 U.S.C. § 1145. ( Pl.'s Mot. 7.)  Plaintiffs seek $8,567.67 in unpaid contributions to the Funds plus any delinquencies incurred during the pendency of this action, together with liquidated damages, interest and costs, including reasonable attorney's fees incurred in this action or the collection or enforcement of any judgment. (Complaint ¶ 12.)

The Summons and the Complaint for this matter were served upon

2

Defendant on October 16, 2008. (Pl.'s Mot. 6.)  On January 8, 2009, Plaintiffs

requested Entry of Default as to Defendant. (Pl.'s Mot. at 6.)  The Clerk entered

default on the next day. (Docket Entry # 5.) On February 2, 2009, Plaintiffs moved

for default judgment against Defendant.  To date, Defendant has not responded to

the Complaint or requested an extension.  Further, Defendant  has not opposed

the instant motion for default judgment.

## Discussion

Plaintiffs move for Default Judgment pursuant to Rule 55 of the Federal

Rules of Civil Procedure.  Rule 55 provides, in relevant part:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is
> sought has failed to plead or otherwise defend as provided by these rules
> and that fact is made to appear by affidavit or otherwise, the clerk shall
> enter the party's default.

> **(b) Judgment.** Judgment by default may be entered as follows:

> **(1) By the Clerk.** When the plaintiff's claim against a defendant is for a
> sum certain or for a sum which can by computation be made certain, the
> clerk upon request of the plaintiff and upon affidavit of the amount due shall
> enter judgment for that amount and costs against the defendant, if the
> defendant has been defaulted for failure to appear and is not an infant or
> incompetent person.

> **(2) By the Court.** In all other cases the party entitled to a judgment by
> default shall apply to the court therefor . . . .

Fed. R. Civ. P. 55.  Under Rule 55, "the entry of default is an essential predicate to

any default judgment."  DeTore v. Local No. 245 of the Jersey City Pub. Employees

Union, 511 F. Supp. 171, 176 (D.N.J. 1981).

A party is not entitled to the entry of a judgment of default as of right because the entry of such a judgment is left primarily to the discretion of the district court.  Hritz v. Woma, 732 F.2d 1178, 1180 (3d Cir. 1984).  Defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages.  See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998); see also Comdyne I, Inc. v. Corbin, 908 F.2d 1142 (3d Cir. 1990); see also In re Industrial Diamonds Anitrust Litig., 119 F. Supp.2d 418, 420 (S.D.N.Y. 2000) (holding "a default is not an admission of the amount of damages claimed"). Moreover, the Court need not accept Plaintiffs' legal conclusions, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  Id. § 2688 at 63.

In this case, Default was entered by the Clerk on January 9, 2009, (Docket Entry # 5), therefore, the procedural prerequisite of Rule 55(b)(1) has been met. Plaintiffs allege violations under both ERISA and contract law. (Complaint ¶ 12, 14.) The unchallenged factual allegations in the Complaint demonstrate that Plaintiffs state legitimate claims under ERISA and therefore the Court does not need to evaluate the contract claims.

Under Section 515 of ERISA, an employer who is obligated to make

contributions to a multiemployer benefit plan under a collective bargaining agreement must make payments pursuant to the terms and conditions under the agreement. 29 U.S.C. ¶ 1145.  In the event that an employer fails to make contributions in violation of the collective bargaining agreement, the Court may award the plan (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the (a) interest on the unpaid contributions, or (b) liquidated damages; (4) reasonable attorney's fees and costs of the action; and (5) such other legal or equitable relief as the court deems appropriate. 29 U.S.C. § 1132 (g); <u>Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. Dimedio Lime Company</u>, Civil No. 06-4519, 2007 WL 4276559 *2 (D.N.J. Nov. 30,  2007).

The Complaint avers that Defendant has failed to pay a total of amount of $8,567.67, including interest, liquidated damages, and attorneys' fees and litigation costs. (Order of Default J. ¶ 1.)  Defendant's failure to make payment is a violation of the CBA made with the Union and therefore a violation of ERISA Section 502(a)(3) and 515.  Plaintiffs have a cause of action under ERISA, because the Court accepts as true that Plaintiffs are multiemployers and that Defendant is an employer as defined in under the ERISA.

However, before entering a default judgment, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; (2) whether a meritorious defense has been asserted by the defendant;

and (3) whether the default was willfully caused by the defendant.  See Livingston

Powdered Metal, Inc. v. NLRB, 669 F.2d 133, 136 (3d Cir. 1982); Medunic v.

Lederer, 533 F.2d 891, 894 (3d Cir. 1976); Tozer v. Charles A. Krause Milling Co.,

189 F.2d 242, 245 (3d Cir. 1951) (whether the default was willfully caused by the

defendant is also a relevant factor).  In considering these factors, a court must

apply a standard of liberality so that any doubt is resolved in favor of hearing

claims on their merits.  Medunic, 533 F.2d at 894.

Since Defendant has not filed any responsive pleading nor shown cause why

a default judgment should not be granted, the Court need not determine if there is

a  meritorious defense or whether the default was a result of willful misconduct.

Carpenters Health & Welfare Fund v. Naglak Design, Civil No. 94-2829, 1995 WL

20848 *2 (E.D.Pa. Jan. 18, 1995); Teamsters Health and Welfare Fund of

Philadelphia and Vicinity v. Dimedio Lime Company, Civil No. 06-4519, 2007 WL

4276559 *2 (D.N.J. Nov. 30, 2007).  The Court's sole consideration is whether the

Plaintiffs will be prejudiced if default is denied. Id.

Under the circumstances here, Plaintiffs will be prejudiced if no default

judgment is entered, because they have  no other means of vindicating their claim

against Defendant.  Under the CBA, Defendant agreed to pay to  Plaintiff Funds

contributions and to submit to an audit of its records. (Pl.'s Mot. 10.)  To date,

Defendant has not made the required contributions to the Funds and has not

responded in any fashion to Plaintiffs' Complaint.  In addition, Defendant has not

6

asserted any meritorious defense to Plaintiffs claims, nor has he offered any excusable reason for his default. For all of these reasons, Plaintiffs will be prejudiced by the failure to enter a default judgment.

## **Damages**

Defendant, J & F Produce, Inc.,  has been delinquent in contributions for March 2008 in the amount of $4,873.76, liquidated damages of 10% of the contributions owed in the amount of $1,475.26, interest in the sum of $207.65 accrued through January 8, 2009, attorneys' fees in the sum of $1,595.00 incurred through January 8, 2009,  and litigation costs in the amount of $416.00, amounting in the total sum of $8567.67, plus interest at the legal rate in effect on the date of the judgment. (Pl.'s Application for Default J. 1.)

In addition, the Court orders Defendant to comply with an audit of its payroll books and records for the period from January 1, 2006  in order to determine the precise outstanding amount owed the Funds. (Pl.'s Notice of Mot. 11.)

**<u>Conclusion</u>**

For the reasons stated above, the Court finds that Plaintiff is entitled to relief pursuant to Fed. R. Civ. P. 55.

Accordingly,

**IT IS ORDERED** on this 25th day of March, 2009, that Plaintiffs' Motion for Default Judgment against Defendant J & F Produce, Inc. is hereby <u>GRANTED</u>.

  /s/ Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

8